# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division



UNITED STATES OF AMERICA
v.

Case Number: 1:16-CR-00313-001

Justin Gray Liverman
a/k/a D3F4ULT
Defendant.

USM Number: 62701-056
Defendant's Attorney: Marina Medvin, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Criminal Information.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy | Felony | 2-2016 | 1 |

As pronounced on September 8th, 2017, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 8th day of September, 2017.

/s/
Gerald Bruce Lee
United States District Judge

Gerald Bruce Lee
United States District Judge

**Defendant's Name:** Liverman, Justin Gray
**Case Number:** 1:16-CR-00313-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SIXTY (60) MONTHS, with credit for time served.

The Court makes the following recommendations to the Bureau of Prisons:
1) that the defendant be designated to FCI Butner, North Carolina.
2) that the defendant participate in the BOP 500 Hour Residential Drug Abuse Treatment Program (RDAP).

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to_____
at_____, with a certified copy of this Judgment.


_____
UNITED STATES MARSHAL

By
_____
DEPUTY UNITED STATES MARSHAL

Case 1:16-cr-00313-GBL Document 80 Filed 09/11/17 Page 3 of 6 PageID# 384
AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3 – Supervised Release
Page 3 of 6

Defendant's Name: Liverman, Justin Gray
Case Number: 1:16-CR-00313-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant's Name: Liverman, Justin Gray
Case Number: 1:16-CR-00313-001

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall make monthly payments on any outstanding restitution balance in the amount of no less than $100/month, beginning 60 days after release, until paid in full.

2) The defendant shall seek and maintain full-time, verifiable employment and shall not be self-employed.

3) The defendant shall provide the probation officer access to any requested financial information.

4) The defendant shall participate in substance abuse testing and treatment as directed by the probation officer.

5) The defendant shall have no contact with the co-conspirators, witnesses or victims.

6) The defendant shall comply with the requirements of a computer monitoring program administered by the probation office.

7) The defendant shall perform 100 hours of community service in lieu of paying a fine.

8) The defendant shall not violate the law.

| Defendant's Name: | Liverman, Justin Gray |
|---|---|
| Case Number: | 1:16-CR-00313-001 |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $145,903.59 |
| **TOTALS:** | **$100.00** | **$0.00** | **$145,903.59** |

## FINES

No fines have been imposed in this case.

## RESTITUTION

See attached Restitution Judgment filed on September 8th, 2017

The defendant is jointly and severally liable for restitution with the following co-defendant: Andrew Boggs, docket no. 1:16-CR-00314-001.

**Defendant's Name:** Liverman, Justin Gray
**Case Number:** 1:16-CR-00313-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment and restitution shall be due in full immediately.

Interest on the restitution is waived. On any unpaid balance, the defendant shall pay to the Clerk at least $100 per month beginning 60 days after release from confinement, until paid in full. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release.

The defendant is jointly and severally liable for restitution with the following co-defendants: Andrew Boggs, docket no. 1:16-CR-00314-001.

The defendant shall forfeit the defendant's interest in the following property to the United States:
    SEE Consent Order of Forfeiture entered by the Court on September 8, 2017.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.